IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PODJO JAMMAR ROWE,

                Plaintiff,

     vs.

NEBRASKA HIGHWAY PATROL, KYLE
GAUNDREAULT, and ERIC ROSEMANN,

             Defendants.

**8:25CV381**

**MEMORANDUM AND ORDER**

Plaintiff Podjo Jammar Rowe ("Rowe"), a non-prisoner, filed a Complaint on June 6, 2025. Filing No. 1.[1] Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Rowe's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT AND ADDITIONAL BACKGROUND

Rowe brings this action pursuant to 42 U.S.C. § 1983 against the Nebraska Highway Patrol and two Nebraska Highway Patrol Troopers, Kyle Gaudreault ("Gaudreault") and Erice Rosemann ("Rosemann"), in their official capacities. Filing No. 1 at 1, 3. Rowe also appears to bring this action on behalf of himself and four other individuals—Liane Feliciano, Emillio Butts, Kory Brown, and Nellani Jefferson. *See Id.* at 1–2.

Rowe's claims arise out of a traffic stop that occurred on I-80 East at mile marker 290 on July 17, 2023, at 9:24 p.m. *Id.* at 5. Rowe alleges the following as the facts underlying his claim:

---

[1] Upon initial filing, Rowe's Complaint was unsigned. Rowe filed a signed copy of his Complaint on June 20, 2025. Filing No. 1-1.

> Trooper Gaudreault accompanied by Trooper Roseman[n] detained me without explanantion [sic] threatened to do me physical harm if I did not accompany him to his cruiser after explaining to him I was Moorish American did not recognize his authority and I was only accompaning [sic] him out of duress and would like a supervisor present he placed me in his car and performed a non permitted illegal search of my vehicle without my permission not once did he attempt to contact a supervisor and went completely against protocol during the traffic stop as he indicated that was the purpose for the stop after the search he placed myself and Lianie Feliciano under arrest and placed her children in DHHS custody the following individuals were present: Lianie Feliciano, Podjo Rowe, Emilio Butts, Kory Brown, Nellani Jefferson and Mark Hyer (by phone)[.]

*Id*.

Rowe does not allege any injuries, but seeks damages for "loss of wages, emotional distress, reimbursement of legal fees, and the time of [his] imprisonment after the illegal search and seizure [and] lifting of the convictions of myself and Lianie Feliciano." *Id*. at 6. Rowe also seeks damages "for all three children's emotional distress and the defamation of character of all parties involved." *Id*.

A search of Nebraska state court records, available to this Court online, shows that Rowe was convicted in the District Court of Buffalo County, Nebraska, in Case No. CR23-386 for offenses arising out of a traffic stop on July 16, 2023, involving Gaudreault and Roseman in the location alleged in the Complaint.[2] Pursuant to a plea agreement, Rowe pleaded no contest to an amended information charging him with two counts of attempted possession of a firearm by a prohibited person, a Class II felony, two counts of prohibited person in possession of a deadly weapon, a Class III felony, and possession of a controlled substance (ecstasy), a Class IV felony, in exchange for

---

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Podjo J. Rowe*, Case No. CR28-386, District Court of Buffalo County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Relevant records are attached to this Memorandum and Order.

dismissal of seven additional felony counts charged in the original information.[3]    On March 21, 2024, Rowe was sentenced to 2 to 10 years' imprisonment on each of the Class II felonies, 1 to 4 years' imprisonment on each of the Class III felonies, and 1 to 2 years' imprisonment on the Class IV felony, with all sentences running concurrently.[4] According to the Nebraska Department of Correctional Services' online inmate records, Rowe was released from custody on October 30, 2024, on discretionary parole.[5]

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[3] See attached Jan. 29, 2024, Journal Entry/Entry of Plea Order.
[4] See attached Mar. 21, 2024, Sentencing Order.
[5] *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Jan. 8, 2026).

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construed, Rowe alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, Rowe's Complaint fails to state a § 1983 claim upon which relief may be granted, but he will be given leave to amend to state a plausible Fourth Amendment claim against Gaudreault and Rosemann in their individual capacities as set forth below.

#### A. Claims on Behalf of Others

As an initial matter, according to the caption of the Complaint, this action is purportedly brought by Rowe and four other individuals (presumably the other occupants of the vehicle stopped by Gaudreault and Rosemann), but the Complaint is

only signed by Rowe and Rowe is the only listed plaintiff on the docket sheet.  *See Filing No. 1 at 1–2*; *Filing No. 1-1 at 6*.  To the extent Rowe is seeking relief on behalf of the other named plaintiffs, he may not do so.

Pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed.Appx. 630 (8th Cir. 2013).  Rowe also may not sign the Complaint on behalf of himself and the other plaintiffs.  Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court.  Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf.  *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1–2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)).  It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)); *see also Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others") (citations omitted).  Accordingly, any claims brought by Rowe on behalf of the other named plaintiffs must be dismissed.

## B.  Relief from Conviction Unavailable under § 1983

In his Complaint, Rowe appears to ask that his criminal convictions be "lift[ed]" or overturned.  Filing No. 1 at 6.  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

5

Thus, to the extent Rowe seeks relief from his convictions for which he is currently on parole, he must do so in a petition for writ of habeas corpus under 28 U.S.C. § 2254 and not in a civil action under 42 U.S.C. § 1983.

## C. Sovereign Immunity

Rowe names the Nebraska Highway Patrol and Gaudreault and Rosemann in their official capacities as defendants. The Nebraska Highway Patrol, or Nebraska State Patrol as it is officially called, is a department of the State of Nebraska. *Steckelberg v. Rice*, 184 F. Supp. 3d 746, 754 n.4 (D. Neb. 2016) (citing Neb. Rev. Stat. § 81–2001; *Llanes v. Neb. State Patrol*, No. 4:06–CV–3155, 2007 WL 1321733, at *1 n.1 (D. Neb. Apr. 2, 2007)), *aff'd*, 878 F.3d 630 (8th Cir. 2017). States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 447; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, the

Eleventh Amendment bars Rowe's claims against the Nebraska Highway Patrol and Gaudreault and Rosemann in their official capacities.

Because Gaudreault and Rosemann are sued only in their official capacities, Rowe's claims against them are subject to dismissal as barred by sovereign immunity. However, even if the Court construed Rowe's claims as being brought against Gaudreault and Rosemann in their individual capacities, his Complaint fails to allege a plausible claim upon which relief may be granted.

**D. Fourth Amendment Claims**

Rowe alleges Gaudreault and Rosemann detained him without explanation during a traffic stop, illegally searched his vehicle, and arrested him. Liberally construed, Rowe alleges Fourth Amendment violations.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop is constitutionally reasonable where the police have probable cause to believe that a traffic violation has occurred." *Garcia v. City of New Hope*, 984 F.3d 655, 663 (8th Cir. 2021) (quoting *De La Rosa v. White*, 852 F.3d 740, 743 (8th Cir. 2017)), *abrogation on other grounds recognized by Laney v. City of St. Louis, Mo.*, 56 F.4th 1153 (8th Cir. 2023). "Explained another way, 'any traffic violation, even a minor one, gives an officer probable cause to stop the violator,' and therefore, 'any ulterior motivation on the officer's part is irrelevant.'" *Id.* at 664 (quoting *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the

officer at the time." *Id.* (quoting *United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014)).

After stopping a vehicle, an officer has the authority to ask the driver what his or her destination and purpose is, check the driver's license and registration, or request that the driver step out of the vehicle. *United States v. Payne*, 534 F.3d 948, 951 (8th Cir. 2008). An officer may also request identification from passengers and question them to verify information given by the driver, *United States v. Gaxiola*, 149 F. App'x 560, 562 (8th Cir. 2005), and may order passengers to get out of the car pending completion of the stop, *Maryland v. Wilson*, 519 U.S. 408, 415 (1997). A traffic stop can last as long as reasonably necessary to conduct this routine investigation, conduct a criminal history search, and issue a citation. *Payne*, 534 F.3d at 951. If this routine investigation raises the officer's suspicions and the officer has reasonable, articulable suspicion, the officer may expand the scope of the investigation. *Id.* This may include asking about weapons and requesting consent to search the vehicle. *See United States v. Cox*, 992 F.3d 706, 710–11 (8th Cir. 2021).

The Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense—even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105–06 (8th Cir. 2004). One of the exceptions to the warrant requirement is a search incident to a lawful arrest. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009). "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.* This exception justifies a warrantless search of the arrestee's person and the area within his or her immediate control, i.e., the area from within which he or

she might gain possession of a weapon or destructible evidence. *See Chimel v. California*, 395 U.S. 752, 763 (1969).

Though Rowe alleges Gaudreault and Rosemann detained him without explanation and illegally searched his vehicle, he alleges absolutely no facts to support these conclusory allegations. Indeed, the scant allegations of Rowe's Complaint fail to provide any factual context for what happened during the traffic stop or the alleged unlawful detention and search and, thus, are insufficient to state a plausible claim for relief. As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

On its own motion, the Court will give Rowe leave to amend his Complaint to allege sufficient facts to state a plausible Fourth Amendment claim against Gaudreault and Rosemann in their individual capacities. If Rowe chooses to amend his Complaint, he should be aware that if success on the merits of his Fourth Amendment civil rights claim would necessarily implicate the validity of his conviction or continued confinement, his civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, Rowe may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

## IV.  CONCLUSION

Rowe's Complaint fails to state a plausible claim for relief and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).  On the Court's own motion, Rowe will be given 30 days in which to file an amended complaint that states a plausible claim for relief against Gaudreault and Rosemann in their individual capacities and clearly explains what defendants did to him, when defendants did it, and how defendants' actions harmed him.  Rowe is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

1.     Rowe shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Rowe.

2.     In the event that Rowe files an amended complaint, Rowe shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.  Rowe is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.     The Court reserves the right to conduct further review of Rowe's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4.     The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 11, 2026**: deadline for amended complaint.

5.      Rowe shall keep the Court informed of his current address at all times while this case is pending.   Failure to do so may result in dismissal without further notice.

Dated this 12th day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge



**Official Nebraska Government Website**

# NEBRASKA.GOV

|▼

All State Agencies | All State Services |

## Nebraska Judicial Branch

□ Nebraska Courts Case Search

□ Trial Case by Judgment     □ Trial Case by Name     □ Trial Case by Number     □ FAQ     □ Demo

## Case Summary

```
In the District Court of Buffalo County
The Case ID is  CR 23 0000386
Citation No.:    0000000
                 State v. Podjo J Rowe
The Honorable John H Marsh, presiding.
Classification: Felony-Bindover
Filed on 08/18/2023        by the County Prosecutor
This case is Closed as of 03/21/2024
    It was disposed as  Guilty Plea/Admission in Court
```

*Last visited Jan. 9, 2026*

## Parties/Attorneys to the Case

```
        Party                          Attorney
Plaintiff ACTIVE
    State of Nebraska
Defendant ACTIVE
    Podjo J Rowe
    24799 Lakeshore Blvd
    Eculid              OH 44123
Date of Birth is  ██████      Drivers License is
Podjo J Rowe owes  $185.60
Witness ACTIVE
    Lianie Y Feliciano
    Buffalo County Jail
    Kearney             NE 68847
Witness ACTIVE
    Christopher Watts
    Valley Pharmacy
```

```
211 W. 33rd St
Kearney          NE 68845
```

## Offense Information

```
Count            Charge                    Offense Class
 01  Possess firearm while commit felony   ; Class 2 Felony
AMENDED TO...Attempt of a class 1/1A/1B/1C/1D felony ; Class 2 Felony
        Offense Date is 07/16/2023
        Plea is  No Contest
        Finding is  Guilty
            Sentence includes:
                Jail-Minimum Sentence
                        Start Date 03/21/2024
                        Term of  02 Years
                Jail-Maximum Sentence
                        Start Date 03/21/2024
                        Term of  10 Years
                Credit for Days Served
                        Term of  250 Days
                Offender Assessment Screening of      $10.00
 02  Possess firearm while commit felony   ; Class 2 Felony
AMENDED TO...Attempt of a class 1/1A/1B/1C/1D felony ; Class 2 Felony
        Offense Date is 07/16/2023
        Plea is  No Contest
        Finding is  Guilty
            Sentence includes:
                Jail-Minimum Sentence
                        Start Date 03/21/2024
                        Term of  02 Years
                Jail-Maximum Sentence
                        Start Date 03/21/2024
                        Term of  10 Years
 03  Possess deadly weapon while commit felny ; Class 3 Felony
AMENDED TO...Count dropped/dismissed          ;
        Offense Date is 07/16/2023
 04  Possess deadly weapon while commit felny ; Class 3 Felony
AMENDED TO...Count dropped/dismissed          ;
        Offense Date is 07/16/2023
 05  Possess firearm by prohibited person-1st ; Class 1D Felony
AMENDED TO...Count dropped/dismissed          ;
        Offense Date is 07/16/2023
 06  Possess firearm by prohibited person-1st ; Class 1D Felony
AMENDED TO...Count dropped/dismissed          ;
        Offense Date is 07/16/2023
 07  Possess deadly weapon-prohibited person  ; Class 3 Felony
        Offense Date is 07/16/2023
```

```
              Plea is  No Contest
              Finding is  Guilty
                   Sentence includes:
                        Jail-Minimum Sentence
                             Start Date 03/21/2024
                             Term of  01 Years
                        Jail-Maximum Sentence
                             Start Date 03/21/2024
                             Term of  04 Years
  08  Possess deadly weapon-prohibited person   ; Class 3 Felony
         Offense Date is 07/16/2023
         Plea is  No Contest
         Finding is  Guilty
              Sentence includes:
                        Jail-Minimum Sentence
                             Start Date 03/21/2024
                             Term of  01 Years
                        Jail-Maximum Sentence
                             Start Date 03/21/2024
                             Term of  04 Years
  09  Possess controlled substance            ; Class 4 Felony
         Offense Date is 07/16/2023
         Plea is  No Contest
         Finding is  Guilty
              Sentence includes:
                        Jail-Minimum Sentence
                             Start Date 03/21/2024
                             Term of  01 Years
                        Jail-Maximum Sentence
                             Start Date 03/21/2024
                             Term of  02 Years
  10  Possess controlled substance            ; Class 4 Felony
  AMENDED TO...Count dropped/dismissed              ;
         Offense Date is 07/16/2023
  11  Possess controlled substance            ; Class 4 Felony
  AMENDED TO...Count dropped/dismissed              ;
         Offense Date is 07/16/2023
  12  Possess controlled substance            ; Class 4 Felony
  AMENDED TO...Count dropped/dismissed              ;
         Offense Date is 07/16/2023
```

### Arresting Officers

```
  Agency                            Officer
  ---------------------------------  ---------------------------------
  Nebraska State Patrol              Kyle Gaudreault
```

## Court Costs Information

| Incurred By | Account | Date | Amount |
|---|---|---|---|
| Plaintiff | Information | 08/21/2023 | $35.00 |
| Plaintiff | Automation Fee | 08/21/2023 | $8.00 |
| Plaintiff | NSC Education Fee | 08/21/2023 | $1.00 |
| Plaintiff | Dispute Resolution Fee | 08/21/2023 | $0.75 |
| Plaintiff | Indigent Defense Fee | 08/21/2023 | $3.00 |
| Plaintiff | Uniform Data Analysis Fee | 08/21/2023 | $1.00 |
| Plaintiff | J.R.F. | 08/21/2023 | $6.00 |
| Plaintiff | Filing Fee-JRF | 08/21/2023 | $7.00 |
| Plaintiff | Crime Victim Fund | 08/21/2023 | $1.00 |
| Plaintiff | Civil Legal Services Fund | 08/21/2023 | $1.00 |
| Plaintiff | L.E.I.F. | 08/21/2023 | $2.00 |
| Plaintiff | Legal Aid/Services Fund | 08/21/2023 | $6.25 |
| Plaintiff | Comp Rec/Records Management | 08/21/2023 | $15.00 |
| Plaintiff | County Court Fees | 08/22/2023 | $50.00 |
| Plaintiff | Service Fees | 01/16/2024 | $18.50 |
| Plaintiff | Service Fees | 01/19/2024 | $20.10 |

## Financial Activity

No trust money is held by the court
No fee money is held by the court

## Costs for Recovery

| Incurred By | Account | Date | Amount |
|---|---|---|---|
| Defendant | Information | 08/21/2023 | $35.00 |
| Defendant | Automation Fee | 08/21/2023 | $8.00 |
| Defendant | NSC Education Fee | 08/21/2023 | $1.00 |
| Defendant | Dispute Resolution Fee | 08/21/2023 | $0.75 |
| Defendant | Indigent Defense Fee | 08/21/2023 | $3.00 |
| Defendant | Uniform Data Analysis Fee | 08/21/2023 | $1.00 |
| Defendant | J.R.F. | 08/21/2023 | $6.00 |
| Defendant | Filing Fee-JRF | 08/21/2023 | $7.00 |

Last visited Jan. 9, 2026

| Defendant | Crime Victim Fund | | 08/21/2023 | $1.00 |
|---|---|---|---|---|
| Defendant | Civil Legal Services Fund | | 08/21/2023 | $1.00 |
| Defendant | L.E.I.F. | | 08/21/2023 | $2.00 |
| Defendant | Legal Aid/Services Fund | | 08/21/2023 | $6.25 |
| Defendant | Comp Rec/Records Management | | 08/21/2023 | $15.00 |
| Defendant | County Court Fees | | 08/22/2023 | $50.00 |
| Defendant | Service Fees | | 01/16/2024 | $18.50 |
| Defendant | Service Fees | | 01/19/2024 | $20.10 |

## Payments Made to the Court

| Receipt | Type | Date | For | Amount |
|---|---|---|---|---|
| 9041124 | Non-Monetary Rec | 01/19/2024 | State of Nebraska Void | ed |
| 9041125 | Non-Monetary Rec | 01/19/2024 | State of Nebraska | $20.10 |
| | | | Service Fees | $20.10 |
| 9041098 | Non-Monetary Rec | 01/16/2024 | State of Nebraska | $18.50 |
| | | | Service Fees | $18.50 |
| 209790 | Check | 09/29/2023 | State of Nebraska | $36.00 |
| | | | Automation Fee | $8.00 |
| | | | NSC Education Fee | $1.00 |
| | | | Dispute Resolution Fee | $.75 |
| | | | Indigent Defense Fee | $3.00 |
| | | | Uniform Data Analysis | $1.00 |
| | | | J.R.F. | $6.00 |
| | | | Filing Fee-JRF | $7.00 |
| | | | Civil Legal Services F | $1.00 |
| | | | L.E.I.F. | $2.00 |
| | | | Legal Aid/Services Fun | $6.25 |

Last visited Jan. 9, 2026

## Register of Actions

```
03/21/2024 Abstract-Voter Reg/CR History
    Order sent to Cuyahoga County, OH election commissioner
```

03/21/2024 Sentencing Order
            This action initiated by John H Marsh
    eNotice Certificate Attached
            Image ID  N24081S4KD09


03/21/2024 Commitment Issued on Podjo J Rowe
            The document number is 00050283
            Image ID  000351410D09


03/20/2024 Note from Court Staff
    PSI shared: Willils/Calkins


02/16/2024 Entry of Appearance


            This action initiated by party State of Nebraska
            Image ID  N24047IYLD09


01/29/2024 Journal Entry
            This action initiated by John H Marsh
    entry of plea/sentencing March 21, 2024 @ 9:00am eNotice Certificate Atta
    ched
            Image ID  N24029ZRVD09


01/29/2024 Amended Information
            This action initiated by party State of Nebraska
            Image ID  N24029YZ6D09


01/19/2024 Order
            This action initiated by John H Marsh
    order to endorse additonal witness eNotice Certificate Attached


            Image ID  N24019UL8D09


01/19/2024 Notice Filed
            This action initiated by party Podjo J Rowe
    notice of hearing Jan 29,2024 @ 9:00am
            Image ID  N24019SCAD09

01/19/2024 Motion Filed
            This action initiated by party Podjo J Rowe
    motion to suppress
            Image ID  N24019SBSD09


01/19/2024 Return-Subpoena-Criminal/Juvenile
            The document number is 00049422
            Served 01/18/2024
            Personal Service


Served at Valley Pharmacy
            Image ID  D00049466D09


01/17/2024 Subpoena Issued on Christopher Watts
            The document number is 00049422
            Image ID  D00049422D09


01/17/2024 Praecipe-Subpoena
            This action initiated by party State of Nebraska
            Image ID  N24017HS7D09


01/17/2024 Motion Filed
            This action initiated by party State of Nebraska
            Image ID  N24017HRND09


01/16/2024 Return-Subpoena-Criminal/Juvenile


            The document number is 00049368
            Served 01/12/2024, Buffalo County Sheriff
            Personal Service
Served at Buffalo County Jail
            Image ID  D00049392D09


01/12/2024 Subpoena Issued on Lianie Y Feliciano
            The document number is 00049368
            Image ID  D00049368D09


01/11/2024 Praecipe-Subpoena
            This action initiated by party State of Nebraska

Image ID  N24011VAWD09

01/09/2024 Order

This action initiated by John H Marsh

order setting bench trial Jan 29, 2024 @ 9:00m eNotice Certificate Attach
ed

Image ID  N24009H75D09

01/02/2024 Order-Jury Trial

This action initiated by John H Marsh
Jan 22, 2024 @ 9:00am eNotice Certificate Attached

Image ID  N24002IVLD09

12/15/2023 Order-Hearing

This action initiated by John H Marsh
Final Status Hearing:  January 5, 2024 @ 8:45am eNotice Certificate Attac
hed

Image ID  N23349WRFD09

12/01/2023 Order

This action initiated by John H Marsh
order setting jury trial Jan 22, 2024 @ 9:00am eNotice Certificate Attach
ed

Image ID  N2333545ND09

11/21/2023 Order-Continuance

This action initiated by John H Marsh
final plea/pretrial Nov 30, 2023 @ 1:30 pm eNotice Certificate Attached

Image ID  N23325YKKD09

10/31/2023 Order-Continuance

This action initiated by John H Marsh
Nov 28, 2023 @ 1:30 pm eNotice Certificate Attached

Image ID  N23304BZXD09

10/30/2023 Motion Filed

This action initiated by party Podjo J Rowe
Image ID  N233036KZD09

10/02/2023 Request
This action initiated by party Podjo J Rowe
Image ID  000348856D09

09/26/2023 Written Not Guilty Plea
This action initiated by party Podjo J Rowe
Image ID  N23269XTND09

09/20/2023 Order
This action initiated by John H Marsh
order re: bond stays same $20,000 cash or surety eNotice Certificate Atta
ched
Image ID  N23263A1ND09

09/13/2023 Objection
This action initiated by party State of Nebraska
objection to bond review
Image ID  N23256DMAD09

09/13/2023 Affidavit-Support of Motion
This action initiated by party Podjo J Rowe
Image ID  N23256CE7D09

09/13/2023 Motion Filed
This action initiated by party Podjo J Rowe
motion for bond review
Image ID  N23256CE2D09

09/12/2023 Order-Reciprocal Discovery

This action initiated by John H Marsh
eNotice Certificate Attached
Image ID  N232557H9D09

Last visited Jan. 9, 2026

09/12/2023 Motion-Reciprocal Discovery
            This action initiated by party State of Nebraska
            Image ID   N23255406D09

09/07/2023 Order-Discovery
            This action initiated by John H Marsh
    eNotice Certificate Attached
            Image ID   N23250LRQD09

09/07/2023 Motion-Discovery
            This action initiated by party Podjo J Rowe
            Image ID   N23250J8XD09

09/07/2023 Motion Filed
            This action initiated by party Podjo J Rowe
    motion for bond review
            Image ID   N23250J8HD09

08/23/2023 Progression Order
            This action initiated by John H Marsh
    arraignment Sept 26, 2023 @ 11:15 am final plea/pretrial Oct 31, 2023 @ 1
    :30 pm eNotice Certificate Attached
            Image ID   N23235RLWD09

08/22/2023 Case Manually Assigned
    Previous Judge 00000;   New Judge 18127;   User ID C0901041

08/22/2023 Transcript-County Court

            This action initiated by party State of Nebraska
    Transcript received electronically.
            Image ID   D00047818D09

08/21/2023 Information
            This action initiated by party State of Nebraska
            Image ID   N23233GH8D09





Built and Maintained by Nebraska.gov
All State Agencies | All State Services

**Nebraska Judicial Branch**
http://www.supremecourt.ne.gov/
Email Us for Assistance.

Nebraska.gov
Contact Us: Support

Security, Accessibility, and Privacy Policies

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CR230000386
Transaction ID: 0021092704
Filing Date: 01/29/2024 05:17:50 PM CST

# JOURNAL ENTRY / ENTRY OF PLEA

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

STATE V. PODJO J ROWE                          Case ID: CR23-386

On the 29th day of January, 2024, this matter comes on for an entry of plea hearing.

## APPEARANCE AND ADVISEMENT

Judge            John H. Marsh

Defendant        Podjo J. Rowe

Defense Counsel   Richard Calkins

Prosecutor       Michael Mefferd

Waived service of **Amended**/Information.  Waived reading of **Amended**/Information. Rights advisement given. Defendant advised of the charges and all possible penalties.

## ARRAIGNMENT

Upon inquiry by the Court, the Defendant acknowledged Defendant's understanding of rights, charges, proceedings and penalties, and further acknowledged Defendant's understanding that the entry of a plea of guilty or no contest, waives all rights to trial.

## CHARGES (AMENDMENTS/PLEAS/FINDINGS/FINES/PRESENTENCE/JAIL/DISMISSALS)

Defendant pled ( )  Guilty   ( X ) No Contest to:

Count 1: Attempted Possession of a Firearm by a Prohibited Person, - 1st Offense, a Class II Felony

Count 2: Attempted Possession of a Firearm by a Prohibited Person - 1st Offense, a Class II Felony

Count 3: Dismissed

Count 4: Dismissed

Count 5: Dismissed

Count 6: Dismissed

Count 7: Prohibited Person in Possession of a Deadly Weapon, a Class III Felony

Count 8: Prohibited Person in Possession of a Deadly Weapon, a Class III Felony

Count 9: Possession of a Controlled Substance, to-wit: Ecstasy, a Class IV Felony

Count 10: Dismissed

Count 11: Dismissed

Count 12: Dismissed

The Court received Exhibits 1, 2 & 3 for the factual basis.  The Court finds that an adequate factual basis was established for the plea. After further inquiry the Defendant acknowledged that the Defendant's plea was not the result of any promise or threat. The Court found that the Defendant's plea was entered knowingly, voluntarily and intelligently and that the Defendant knowingly, voluntarily and intelligently waived Defendant's constitutional rights as hereinabove explained. Plea negotiations explained by Counsel. The Court found that the plea of the Defendant was accepted and conviction is entered pursuant thereto.

Other Findings/Plea Bargain

The State will amend Counts 1 and 2 to Attempted Possession of a Firearm by a Prohibited Person - 1st Offense, and dismiss Counts 3, 4, 5, 6, 10, 11, and 12 in exchange for the Defendant's plea of guilty or no contest to Counts 1 and 2 as amended and Counts 7, 8 and 9 as charged.

The Court finds Counts 3, 4, 5, 6, 10, 11, and 12 dismissed pursuant to the plea agreement.

<u>ADDITIONAL ENTRIES OF RECORD</u>

Thereafter the Court ordered the State Probation Office to conduct a **full presentence investigation** and make an appropriate report of their findings to the Court. Said Presentence Investigation, at the discretion of a probation officer, shall include: **Substance Abuse Evaluation.**

Sentencing has been scheduled for: **March 21, 2024, at 9:00 a.m.**

Pending sentencing, the Defendant is remanded to the custody of the Buffalo County Jail.

IT IS ORDERED, ADJUDGED AND DECREED AS HEREINABOVE SET FORTH.

BY THE DISTRICT COURT:

_____
John H Marsh

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on January 30, 2024  , I served a copy of the foregoing
document upon the following persons at the addresses given, by mailing by United States Mail,
postage prepaid, or via E-mail:

Richard Calkins                         Michael L Mefferd
calkinslaw@gmail.com                    buffalocaefile@buffalocounty.ne.gov



Probation
nsc.probDIST9@nebraska.gov




Date:   January 30, 2024        BY THE COURT: _Cheryl L. Stabenow_

                                                     CLERK

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CR230000386
Transaction ID: 0021338743
Filing Date: 03/21/2024 10:51:40 AM CDT

# SENTENCING ORDER

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

STATE V. PODJO J ROWE                                    Case ID: CR23-386

On this **21st** day of March, 2024, this matter came on for sentencing hearing.

## APPEARANCE AND ADVISEMENT

Judge            John H. Marsh

Defendant        Podjo Jammar Rowe

Defense Counsel   Richard Calkins

Prosecutor       Melissa Willis

## CHARGES AND FINDINGS

The defendant was previously convicted:

Count 1: Attempted Possession of a Firearm by a Prohibited Person, 1st Offense - a Class II Felony

Count 2: Attempted Possession of a Firearm by a Prohibited Person, 1st Offense - a Class II Felony

Count 3: Dismissed

Count 4: Dismissed

Count 5: Dismissed

Count 6: Dismissed

Count 7: Prohibited Person in Possessions of a Deadly Weapon, a Class III Felony

Count 8: Prohibited Person in Possession of a Deadly Weapon, a Class III Felony

Count 9: Possession of Controlled Substance, to-wit: Ecstasy, a Class IV Felony

Count 10: Dismissed

Count 11: Dismissed

Cout 12:  Dismissed

Counsel for both State and the Defendant state that they have had the opportunity to read and examine the presentence investigation report.  Counsel for the Defendant objects to the PSI.  The Court heard argument of counsel regarding the PSI.  Upon consideration, the Court will disregard any recommendations outside of substance abuse.

Allocution offered. Neither the defendant nor counsel having given any reason why sentence should not be pronounced, the Court sentences the defendant as follows:

**IT IS THEREFORE THE JUDGMENT AND SENTENCE OF THE COURT** that the defendant is ordered imprisoned in the Nebraska Department of Corrections/Buffalo County Jail to serve the following sentence(s):

**Count 1:** Not less than 2 years nor more than 10 years;

**Count 2:** Not less than 2 years nor more than 10 years;

**Count 7:** Not less than 1 year nor more than 4 years;

**Count 8:** Not less than 1 yeas nor more than 4 years;

**Count 9:** Not less than 1year nor more than 2 years;

Defendant is given **250 days credit for time already served.**

The sentence on each count shall run concurrent to one another.

Defendant is ordered to pay Costs of this action

Defendant is ordered to pay an SAQ fee of $10.00.

Defendant shall submit to the taking of a DNA sample if he has not previously provided same.

Defendant's bond, if any, is ordered released and applied to costs.

Defendant advised of prohibition under 18 U.S.C. 922 (g)(9) regarding firearms.

Defendant is remanded to the custody of the Sheriff for transportation to the Nebraska Department of Corrections to commence serving his sentence.

BY THE DISTRICT COURT:


_____

                                                John H Marsh

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on March 21, 2024    , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Richard Calkins                         Melissa L Willis
calkinslaw@gmail.com                    buffalocaefile@buffalocounty.ne.gov


Probation
nsc.probDIST9@nebraska.gov


Date:  March 21, 2024        BY THE COURT: _Cheryl L. Habenar_

                                          CLERK